FILED
CLERK
3/22/2019 3:56 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X

POWER UP LENDING GROUP, LTD,

                Plaintiff,

     -against-

ALLIANCE BIOENERGY PLUS, INC., DANIEL
DE LIEGE, BENJAMIN SLAGER, ANTHONY E.
SANTELLI, and DENNIS LENABURG,

                Defendants.
───────────────────────────────────────X

**ORDER**
18-CV-3601 (JMA) (AYS)

**AZRACK, United States District Judge:**

      On June 21, 2018, plaintiff Power Up Lending Group, Ltd. ("Plaintiff") commenced this action alleging breach of contract, fraud, and intentional tort claims against defendants Alliance Bioenergy Plus, Inc. ("Alliance") and Daniel De Liege, Benjamin Slager, Anthony E. Santelli, and Dennis Lenaburg (the "Individual Defendants," together with Alliance, the "Defendants"). (ECF No. 1.) On August 15, 2018, this case was reassigned to the undersigned and on August 22, 2018, certain defendants filed a fully briefed motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 21.) On November 21, 2018, the undersigned referred the motion to Magistrate Judge Anne Y. Shields for a Report and Recommendation.

      On February 28, 2019, Judge Shields issued a Report and Recommendation, recommending that the motion to dismiss be denied and this case proceed to discovery (the "R&R"). On March 13, 2019, the Motion Defendants filed objections to the R&R. (ECF No. 29.) Specifically, the Motion Defendants argued that: (1) certain factual statements erroneously

---

[1] Defendant Dennis Lenaburg is proceeding pro se and did not join the instant motion to dismiss. Accordingly, Alliance, De Liege, Slager, and Santelli will be referred to as the "Motion Defendants."

1

characterized the Agreements and the Individual Defendants; (2) Judge Shields did not apply the "reasonable relationship" test correctly when she concluded that Virginia bears a reasonable relationship to this case, and enforced the Virginia choice-of-law provisions in the Agreements; and (3) Judge Shields erred in finding that New York does not have a strong enough nexus as to impact New York public policy when she declined to apply New York's usury statute over the Virginia choice-of-law provisions. (Id.) On March 19, 2019, Plaintiff filed a memorandum in opposition to the Motion Defendants' objection. (ECF No. 30.)

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and the instant objections, and I agree with Judge Shields's R&R. The Court does note for the record that only Alliance Bioenergy Plus, Inc. and Power Up Lending Group, Ltd. are listed as parties to the Agreements, though individual defendant De Liege signed the Agreements as Alliance's Chief Executive Officer.[2] Accordingly, the Motion Defendants' objections are overruled, the motion to dismiss is denied, and discovery is respectfully referred to Judge Shields.

---

[2] The Court declines to address the Motion Defendants' objection to the italicized portion of Judge Shield's observation that "to the extent that the debt was converted into stock, such debt would be deemed satisfied, *and Alliance would pay neither principal nor interest*." (R&R at 4.) It has no bearing on the resolution of the instant motion, and in any event, the Court does not consider it a legal conclusion that precludes any legal arguments the Defendants may choose to make in this action.

The Motion Defendants also request that, should the Court adopt the R&R, the Court should certify this order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) and F.R.A.P. Rule 5(a)(3). However, the Motion Defendants have failed to establish that the decision (1) "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, the Court declines to exercise its discretion to grant an interlocutory appeal. See Am. Fed'n of Musicians & Employers' Pension Fund v. Neshoma Orchestra & Singers, Inc., No. 17-CV-2640, 2018 WL 3711811, at *1 (S.D.N.Y. Aug. 3, 2018).

The Clerk of the Court is directed to mail a copy of this order and the R&R to pro se defendant Dennis Lenaburg at 1070 SW 4th Street, Boca Raton, Florida 33486.

**SO ORDERED.**

Dated: March 22, 2019
Central Islip, New York

                 /s/ (JMA)
                 JOAN M. AZRACK
                 UNITED STATES DISTRICT JUDGE