FILED
CLERK
12:13 pm, Sep 29, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
POWER UP LENDING GROUP, LTD.,

                            Plaintiff,

          -against-

ALLIANCE BIOENERGY PLUS, INC.,
DANIEL DE LIEGE, BENJAMIN
SLAGER, ANTHONY E. SANTELLI,
and DENNIS LENABURG,

                          Defendants.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-3601 (JMA) (AYS)

**AZRACK, United States District Judge:**

Plaintiff Power Up Lending Group, LTD. ("Plaintiff") commenced this action on June 21, 2018 against former defendant Alliance Bioenergy Plus, Inc., and current individual defendants Daniel DeLiege, Benjamin Slager, Anthony E. Santelli, and Dennis Lenaburg (collectively, the "Individual Defendants"). (ECF No. 1.) The Individual Defendants[1] filed a motion to dismiss the Complaint pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative to transfer venue pursuant to 28 U.S.C § 1440(a), and to amend the Defendants' previously filed Answers and Affirmative. (ECF No. 72.)

On May 25, 2021, the Court referred the motion to dismiss, or in the alternative to transfer venue, and motion to amend to Magistrate Judge Anne Y. Shields for a Report and Recommendation ("R&R"). (Electronic Order, 5/25/2021.) Judge Shields issued an R&R dated August 17, 2021, which recommends that the motion to dismiss and the motion to transfer venue be denied, but that the Individual Defendants be granted leave to amend their previously filed Answers and Affirmative Defenses. (ECF No. 76.) The Individual Defendants filed objections to

---

[1] The Court notes that Individual Defendant Daniel De Liege does not join in the instant motion to dismiss.

1

the R&R. (ECF No. 78.) Plaintiff filed a response to the objections. (ECF No. 79.) After conducting a review of the full record (including the motion papers, R&R, and objections,) and applicable law, the Court adopts Judge Shields's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Judge Shields's R&R to which there are no specific objections. Specifically, the parties have not objected to Judge Shields's finding that the Individual Defendants may amend their Answers and Affirmative Defenses.

I next address the portions of the R&R to which the Individual Defendants have objected. The Individual Defendants raise the same arguments made in their motion to dismiss, namely, that Plaintiff's only remaining claim, tortious interference with a contract, fails as a matter of law, the Court lacks personal jurisdiction, the application of Virginia law was improper, and the case should be transferred to Florida. For the Individual Defendants' objections, I have undertaken a de novo review of the record, the R&R, and the objections, and I agree with Judge Shields's R&R.

Based on the foregoing, the Court adopts Judge Shields's R&R in its entirety as the opinion of this Court. Accordingly, the Individual Defendants' motion to dismiss, or in the alternative

3

transfer venue, is **DENIED**, but the Individual Defendants are **GRANTED** leave to amend their previously filed Answers and Affirmative Defenses.  The Individual Defendants shall file their amended Answers and affirmative Defenses by October 29, 2021.

**SO ORDERED.**

Dated:  September 29, 2021
       Central Islip, New York

                                               /s/  (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE